# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

SHANNON B. WRIGHT,

      Petitioner,

-vs-                                          Case No.  8:06-CV-1704-T-27EAJ

STATE OF FLORIDA,

      Respondent.

_____/

## ORDER

Petitioner, a Florida inmate proceeding *pro se,* initiated this action by filing a Petition for Writ of Habeas Corpus (hereinafter "Petition") pursuant to 28 U.S.C. § 2254 (Dkt. 1).  Petitioner challenges his 2000 conviction for lewd assault entered by the Tenth Judicial Circuit Court, Polk County, Florida.  Respondent has filed a response in opposition to the petition, contending that it is time barred (Dkt. 29). Petitioner has filed a reply (Dkt. 39). Upon consideration, this Court finds that the petition is time barred. An evidentiary hearing is not required. Rules Governing Section 2254 Cases 8(a) (2007).

### Procedural History

Petitioner was charged by an Amended Information on August 9, 1999, with lewd assault. (Dkt. 32, Ex. 39, Vol. I, at 6-8).   On March 23, 2000, Petitioner was convicted after a jury trial (Id. at 52). On April 20, 2000, the trial court sentenced Petitioner to 84.75 months in prison, followed by 3 years of probation (Id. at 74).  On March 2, 2001, the appellate court affirmed the conviction per curiam (Dkt. 32, Ex. 3); *see Wright v. State*, 788 So. 2d 981  (Fla. 2nd DCA 2001)[table].

On April 19, 2001, Petitioner filed a motion to correct illegal sentence pursuant to Rule 3.800(a), Fla. R. Crim. P. (Dkt. 32, Ex. 5).  On October 5, 2001, the state trial court summarily denied Petitioner's 3.800(a) motion (Dkt. 32, Ex. 7).  On February 1, 2002, the denial was per curiam affirmed (Dkt. 32, Ex. 8);  *see Wright v. State*, 818 So. 2d 517 (Fla. 2nd DCA 2002)[table]. The mandate issued on May 14, 2002 (Dkt. 32, Ex. 9).

On April 24, 2002, Petitioner filed a second 3.800(a) motion to correct illegal sentence (Dkt. 32, Ex. 10).  The state trial court summarily denied Petitioner's 3.800(a) motion on July 26, 2002 (Dkt. 32, Ex. 11).  On June 11, 2003, the denial was per curiam affirmed (Dkt. 32, Ex. 12); *see Wright v. State*, 856 So. 2d 1004 (Fla. 2nd DCA 2003)[table].  The mandate issued on August 25, 2003 (Dkt. 32, Ex. 13).

On September 23, 2002, Petitioner filed a motion for post-conviction relief pursuant to Rule 3.850, Fla. R. Crim. P. (Dkt. 32, Ex. 14).  On January 23, 2003, the state trial court denied Petitioner's motion (Dkt. 32, Ex. 15). On August 20, 2003, the denial was per curiam affirmed (Dkt. 32, Ex. 16);  *see Wright v. State*, 853 So. 2d 424 (Fla. 2nd DCA 2003)[table].  The mandate issued on September 10, 2003 (Dkt. 32, Ex. 17).

On February 17, 2004, Petitioner filed his "Motion for Relief of Judgment."  (Dkt. 32, Ex. 18).  The state trial court treated the motion as a Rule 3.800(a) motion, and summarily denied it (Dkt. 32, Ex. 19).  On April 22, 2005, the denial was per curiam affirmed (Dkt. 32, Ex. 21); *see Wright v. State*, 902 So. 2d 162 (Fla. 2nd DCA 2005)[table].  The mandate issued on May 24, 2005 (Dkt. 32, Ex. 22).

On July 28, 2004, Petitioner filed another Rule 3.800(a) motion to correct illegal sentence[1]

(Dkt. 32, Ex. 23).  On October 14, 2004, the state trial court denied that motion (Dkt. 32, Ex. 24).

On March 23, 2005, the denial was per curiam affirmed (Dkt. 32, Ex. 27); *see Wright v. State*,

2005 Fla. App. LEXIS 3909 (Fla. 2nd DCA 2005)[table].  The mandate was issued on April 19,

2005 (Dkt. 32, Ex. 28).

According to Respondent, Petitioner was released from prison and began his three years of

probation on June 6, 2005 (Dkt. 29 at 6).[2]  After he was released from prison, Petitioner was

arrested three times. The third arrest was on February 13, 2006 (Dkt. 32, Ex. 37). On February 23,

2006, Petitioner filed an emergency petition for writ of habeas corpus in the state trial court (Dkt.

32, Ex. 32).  Petitioner's probation was revoked on September 25, 2006. He was sentenced to 120

months in prison (Dkt. 32, Exs. 29-30, 37). On November 8, 2006, the state trial court dismissed

Petitioner's emergency petition for habeas relief as unauthorized because Petitioner was

represented by counsel when he filed the petition (Id.).

On April 27, 2006, Petitioner filed an "Emergency Writ of Habeas Corpus" petition in the

Second District Court of Appeal of Florida (Dkt. 32, Ex. 33).  The Second District denied the

petition on May 10, 2006 (Dkt. 32, 34). On September 25, 2006, Petitioner's probation was

revoked and he was sentenced to 120 months in prison  (Dkt. 32, Exs. 29-30, 37).

Petitioner filed his petition for federal habeas relief on September 11, 2006,[3]  raising one

---

[1] It is in this 3.800(a) motion that Petitioner first raises the claim he raises in the instant federal habeas petition, i.e., that the Amended Information charged him with a non-existent offense.

[2] In his reply, Petitioner does not dispute Respondent's allegations regarding Petitioner's release from prison and subsequent violations of probation (*See* Dkt. 39).

[3] Although the Court received Petitioner's petition on September 15, 2006, a pro se inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988);

claim for relief:

1. The Amended Information was defective because it charged him with a non-existent crime.

In response, Respondent claims that the petition is untimely and that Petitioner fails to meet the threshold requirements for relief under § 2254(d) and (e). Having carefully reviewed the record, applicable statutes, and controlling case law, and being duly apprised of the arguments presented by the parties, for reasons set forth *infra*, the Court agrees.

## Standard of Review

Pursuant to 28 U.S.C. § 2254(a), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), enacted and effective on April 24, 1996, "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Where a state court initially considers the issues raised in the petition and enters a decision on the merits, 28 U.S.C. § 2254(d) governs the review of those claims. *See Penry v. Johnson,* 532 U.S. 782, 792 (2001); *Henderson v. Campbell*, 353 F.3d 880, 889-90 (11th Cir. 2003).

Habeas relief may not be granted with respect to a claim adjudicated on the merits in a state court unless the adjudication of the claim:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable

---

*Adams v. United States,* 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn,* 993 F.2d 776, 780 (11th Cir. 1993). Petitioner executed his petition on September 11, 2006 (Dkt. 1 at 14).

determination of the facts in light of the evidence presented in the
State court proceeding.

28 U.S.C. § 2254(d). *Price v. Vincent*, 538 U.S. 634, 638-39 (2003); *Clark v. Crosby*, 335 F.3d

1303, 1308 (11th Cir. 2003). Even where a state court denies an application for post-conviction

relief without written opinion, that decision is entitled to the same deference as if the state court

had entered written findings to support its decision. *See Wright v. Sec. of Dep't of Corrs.*, 278 F.3d

1245, 1255 (11th Cir. 2002). "[A] state court's decision is not 'contrary to . . . clearly established

Federal law' simply because the court did not cite [Supreme Court] opinions. . . . [A] state court

need not even be aware of [Supreme Court] precedents, 'so long as neither the reasoning nor the

result of the state-court decision contradicts them.'" *Mitchell v. Esparza*, 540 U.S. 12, 16 (2003)

(quoting *Early v. Packer,* 537 U.S. 3, 7-8 (2002)).

### Timeliness of Petition

Since Petitioner's conviction was entered after AEDPA was enacted, his petition is subject

to its provisions. Because a state court initially considered the claim raised by Petitioner, § 2254(d)

governs federal review of his claim. *See Mobley v. Head*, 267 F.3d 1312, 1316 (11th Cir. 2001).

Under the AEDPA, federal habeas petitions are subject to a one year statute of limitations. Section

101 of AEDPA amended 28 U.S.C. § 2244(d) by adding the following provision:

(1)   A 1-year period of limitation shall apply to an application for a writ of habeas
corpus by a person in custody pursuant to the judgment of a State court. The
limitation period shall run from the latest of–

(A)   the date on which the judgment became final by conclusion of direct
review or the expiration of the time for seeking such review;

(B)   the date on which the impediment to filing an application created by
State action in violation of the Constitution or laws of the United
States is removed, if the applicant was prevented from filing by such

> State action;
>
> (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).  Section 101 does not start a prisoner's one-year limitation period running until "the date on which the judgment became final by conclusion of direct review."

Respondent argues that Petitioner's petition is untimely because more than one year has passed since Petitioner's original judgment became final, after considering the tolling effect of the various post conviction motions Petitioner filed. Respondent points out that Petitioner challenges only his original judgment and sentence imposed on April 20, 2000, not  the September 25, 2006 judgment revoking his probation. Respondent relies on *Rainey v. Sec'y for the Dep't of Corr.*, 443 F.3d 1323 (11th Cir. 2006) for the proposition that "when a petitioner who has been resentenced brings an application challenging only his original judgment of conviction, the one-year statute of limitations under the AEDPA runs from the date the original judgment of conviction became final and not the date the resentencing judgment became final." *Id.* at 1326. (Dkt. 29, p. 8).  However, *Rainey* was overruled in *Ferreira v. Sec'y, Dep't of Corr.*, 494 F.3d 1286, 1292-93 (11th Cir.

2007).[4]  Regardless, *Ferreira* does not control, since *Ferreira* involved a corrected sentence, not a probation revocation. For purposes of the AEDPA statute of limitations,  Ferreira's conviction became final and the one year statute began to run when the corrected sentence was imposed.

Here, Petitioner' conviction became final well before his probation was revoked. That revocation did not affect the finality of Petitioner's original judgment and conviction, as did the corrected sentence in *Ferreira*.  Petitioner's single claim is directed to his original conviction, not his probation revocation. Accordingly,  the AEDPA's one year statute of limitations began to run when his original conviction became final. His probation revocation did not resurrect, toll or otherwise extend the one year limitation period.

This Court agrees with  *Williams v. Vasbinder*, 2006 WL 2123908 (E.D. Mich. July 27, 2006), where the District Court reasoned:

> Under 28 U.S.C. § 2244(d)(1)(A), the one-year statute of limitations for challenging any substantive issues relating to a trial court judgment which imposes probation begins to run when the judgment imposing probation becomes final. *See Caldwell v. Dretke*, 429 F.3d 521, 530 (5th Cir. 2005). By contrast, any claims arising from the revocation of probation would begin to run when the judgment that revoked the petitioner's probation became final. *See Davis v. Purkett*, 296 F. Supp. 2d 1027, 1029-30 (E.D. Mo. 2003). Because petitioner is challenging two separate judgments by challenging both his underlying conviction and his subsequent probation revocation in a single habeas petition, the one year limitations period would begin to run for each of these separate judgments at different times. *See Wilkinson v. Cockrell*, 240 F. Supp. 2d 617, 620-22 (N.D. Tex. 2002).

*Id.* at *2. *See also, Dones v. Dretke,* 2006 WL 1294077at *2 (N.D. Tex. May 11, 2006)(separating

---

[4] In *Ferreira*, the Eleventh Circuit applied the Supreme Court's holding in *Burton v. Stewart*, 549 U.S. 147 (2007).

claims challenging an order deferring adjudication and imposing community supervision from a claim challenging an order revoking community supervision and imposing a prison sentence for purposes of calculating the one-year limitations period).

Moreover, the factual predicate for Petitioner's claim, the alleged defect in the Amended Information, was known or should have been known to Petitioner before his original conviction and sentence became final. Therefore, § 2244(d)(1)(A) triggered the one year limitation period, not § 2244(d)(1)(D). *See Mattern v. Sec'y for the Dep't of Corr.*, 494 F.3d 1282, 1286 (11th Cir. 2007).

In summary, with respect to Petitioner's challenge to his original judgment and conviction, the AEDPA one-year statute of limitations began to run when his conviction became final on May 31, 2001, ninety days after his conviction and sentence were affirmed on March 2, 2001. *See Bond v. Moore*, 309 F.3d 770, 772 (11th Cir. 2002); *Chavers v. Secretary, Fla. Dept. Of Corrections*, 468 F.3d 1273 (11th Cir. 2006). Various post conviction motions and appeals tolled the one year period until May 24, 2005. During the period from May 31, 2001 through May 24, 2005, **158** days ran on the one year limitation period. Accordingly, as of May 24, 2005, Petitioner had **207** days, or until December 18, 2005 to file a timely federal habeas petition.[5]   Petitioner did not file his federal

---

[5] Petitioner's first Rule 3.800(a) motion, filed on April 19, 2001, tolled the limitation period until the appellate court mandate issued on May 14, 2002 (Dkt. 32, Ex. 9). On April 24, 2002, Petitioner filed his second Rule 3.800(a) motion which further tolled the limitation period until the appellate court mandate issued on August 25, 2003 (Dkt. 32, Ex. 13). His September 23, 2002 Rule 3.850 motion tolled the limitation period until the appellate court mandate issued on September 10, 2003 (Dkt. 32, Ex. 17). Following the September 10, 2003 mandate, Petitioner allowed **158** days to pass before he filed his "Motion for Relief of Judgment" on February 17, 2004 (Dkt. 32, Ex.18). That motion tolled the limitation period until May 24, 2005, when the appellate court mandate issued (Dkt. 32, Ex. 22). Of the one-year limitation, **207** days remained (365 - 158 = 207). May 24, 2005 (the date of the mandate) plus 207 days equals December 18, 2005.

habeas petition until September 11, 2006 (Dkt. 1 at 14).[6]  Accordingly, the petition is time barred.

In response to Respondent's contention that the petition is time barred, Petitioner relies on what he refers to as "the umbrella of the exception rule of 'fundamental error'" (Dkt. 39 at 5).  In support of this argument, Petitioner cites to four Florida Supreme Court cases (Id.).  For example, Petitioner cites to *State v. Gray*, 435 So.2d 816 (Fla. 1983) which states in pertinent part that "[i]f the charging instrument completely fails to charge a crime, therefore, a conviction thereon violates due process...Since a conviction cannot rest upon such an indictment or information, the complete failure of an accusatory instrument to charge a crime is a defect that can be raised at any time -- before trial, after trial, on appeal, or by habeas corpus." *Id.* at 818.  Apparently, Petitioner argues that despite the fact that his federal habeas petition is time barred, he is entitled to a review of the merits of his claim because the failure of the Amended Information to charge a crime amounts to "fundamental error."

First, there is no "fundamental error" exception to AEDPA's limitation period.  28 U.S.C. § 2244(d)'s one-year limitation provision "permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence.'" *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) (quoting *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (per curiam)).  Moreover, a petitioner may obtain federal habeas review of a procedurally defaulted claim, without a showing of cause or prejudice, if such

---

[6]Petitioner's state petitions for writ of habeas corpus, filed February 23, 2006 and April 27, 2006 (Dkt. 32, Exs. 32-33), did not toll the limitations period because they were filed after the one-year limitation period had expired on December 18, 2005. Any collateral application filed after expiration of the one-year period, even if properly filed, has no tolling effect. In *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001), *cert denied*, 534 U.S. 1144 (2002), the Eleventh Circuit reiterated its holding in *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) that a state court petition that is filed following the expiration of the federal limitations period "cannot toll that period because there is no period remaining to be tolled." Id.

review is necessary to correct a fundamental miscarriage of justice. *Edwards v. Carpenter*, 529

U.S. 446, 451 (2000); *Henderson v. Campbell*, 353 F.3d 880, 892 (11th Cir. 2003). This exception

is only available "in an extraordinary case, where a constitutional violation has resulted in the

conviction of someone who is actually innocent." *Henderson*, 353 F.2d at 892. A petitioner in a

collateral proceeding who wishes to establish his actual innocence to avoid a procedural bar to

consideration of the merits of his underlying claim must demonstrate that "a constitutional

violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo*,

513 U.S. 298, 327 (1995) (emphasis added). This gateway applies only if the petitioner can

demonstrate that "more likely than not, in light of the new evidence, no reasonable juror would find

him guilty beyond a reasonable doubt." *House v. Bell*, 547 U.S. 518, 536-37 (2006); *see also*

*Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup*, 513 U.S. at 327-28). In this

context, Petitioner must show constitutional error coupled with newly discovered evidence that

was not presented at trial that would establish factual innocence rather than mere legal

insufficiency. *Id*; *Johnson v. Alabama*, 256 F.3d 1156, 1171 (11th Cir. 2001). Petitioner fails to

demonstrate he is entitled to equitable tolling or that he has new evidence establishing his actual

innocence. As discussed, *infra*, the Amended Information did charge Petitioner with a crime.

Therefore, there was no "fundamental error" and Petitioner's conviction does not offend due

process.

## Merits of Claim

Even if Petitioner's federal petition is timely, it is without merit. Petitioner raises one

ground for relief. He contends that the Amended Information charged him with a non-existent

crime and that he has therefore been denied equal protection and due process. The Amended

10

Information alleged in pertinent part that Petitioner "did unlawfully commit a lewd assault by committing an act defined as sexual battery under Florida Statute 794.011(1)(h) upon [victim], a child under the age of 16 years, in that the defendant with his penis did penetrate or have union with the vagina of [victim], contrary to Florida Statute 800.04." (Dkt. 32, Ex. 39, Vol. I at 6). Petitioner argues that he could not be charged with lewd assault "by committing an act of sexual battery under Florida Statute 794.011(1)(h)." The state trial court rejected this claim. It held that under Florida law the Amended Information was not flawed, and since Petitioner was not charged with a sexual battery, Florida Statute 800.04(3), the statute Petitioner was charged with violating, clearly applied (Dkt. 32, Ex. 24). The state appellate court affirmed the denial per curiam (Dkt. 32, Ex. 27).[7]

Petitioner's claim involves an interpretation of Florida law. It is not for this court to say

---

[7] Section 800.04(3) provides that a person who "commits an *act* defined as sexual battery under s. 794.011(1)(h) upon any child under the age of 16 years...without committing the *crime* of sexual battery, commits a felony of the second degree..." (emphasis added). Florida Statute, 794.011(1)(h) provides that "'[s]exual battery' means oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of another by any other object; however, sexual battery does not include an act done for a bona fide medical purpose."

The record establishes that Petitioner had consensual sexual intercourse with a victim who was 12 years old (Dkt. 32, Ex. 39, Vol. I at 34-37, 43). Therefore, pursuant to 794.011(2), the *act* proscribed by 794.011(1)(h) did not commit the *crime* of sexual battery because the victim consented to the sexual intercourse. *See* Florida Statute, Section 794.011(2)-(5); *Khianthalat v. State*, 935 So. 2d 583, 585 (Fla. 2d DCA 2006)("To constitute sexual battery under [Florida Statute, 794.011(3)-(5)], the State must prove the victim did not consent. This requirement recognizes that a person twelve or older has the ability to consent."). Accordingly, Petitioner was properly charged with lewd assault under Florida law, as the act alleged was a sexual battery as defined in 794.011(1)(h), but did not constitute the crime of sexual battery under 794.011(2)-(5).

Petitioner's reliance on *Jozens v. State*, 649 So. 2d 322 (Fla. 1st DCA 1995) is misplaced. In *Jozens*, the victim was less than 12 years old, and therefore, pursuant to 794.011(2), the act proscribed by 794.011(1)(h) necessarily constituted the crime of sexual battery. *Id.* at 323. Since the act constituted the crime of sexual battery, Jozens could not be convicted of a lewd and lascivious act. *See Palmer v. State*, 838 So. 2d 579 (Fla. Dist. Ct. App. 1st Dist. 2002)("This court has previously held, 'one cannot be convicted of a lewd and lascivious act upon a child under 12 years of age for conduct that . . . constitutes the crime of sexual battery . . . '")(quoting *Jozens*, 649 So. 2d at 323). In Petitioner's case, the act did not constitute the crime of sexual battery, but did constitute a lewd assault under 800.04. Accordingly, Petitioner was not charged with a non-existent offense.

whether the state courts interpreted state law correctly. Federal habeas relief is available to correct only constitutional injury. 28 U. S. C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (errors that do not infringe upon a defendant's constitutional rights provide no basis for federal habeas corpus relief); *Barclay v. Florida*, 463 U.S. 939, 958-959 (1983) ("Mere errors of state law are not the concern of this court . . . unless they rise for some other reason to the level of a denial of rights protected by the United States Constitution.") (citations omitted). "Questions of state law rarely raise issues of federal constitutional significance, because a state's interpretation of its own laws provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved." *Tejada v. Dugger*, 941 F.2d 1551, 1560 (11th Cir. 1991), *cert. denied*, 502 U.S. 1105 (1992) (quotation omitted).  Although Petitioner vaguely asserts that his conviction violates due process and equal protection (Dkt. 39 at 6), "[t]his limitation on federal habeas review is of equal force when a petition, which actually involves state law issues, is couched in terms of equal protection and due process." *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988).

State law issues may be reviewed in this federal forum only when the alleged errors were "so critical or important to the outcome of the trial to render the entire trial fundamentally unfair." *Tejada v. Dugger*, 941 F.2d at 1560. The category of infractions that violate 'fundamental fairness' is very narrow." *Dowling v. United States*, 493 U.S. 342, 352 (1990).  This case is not one in which the claimed error is so critical that a constitutional violation is apparent. There was no constitutional violation. Petitioner has failed to show that he is entitled to federal habeas relief.

### Conclusion

For the foregoing reasons, the Court finds that Petitioner is not entitled to federal habeas relief.

ACCORDINGLY, it is **ORDERED and ADJUDGED**:

1. The Petition for Writ of Habeas Corpus is **DENIED**  (Dkt. 1).

2. The **Clerk** shall enter judgment against Petitioner, terminate all pending motions, and close this case.

**DONE and ORDERED** in Tampa, Florida, on _May 6th_____, 2008.

JAMES D. WHITTEMORE
United States District Judge

SA:sfc
Copy to: Petitioner *pro se*
        Counsel of Record